UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Leon Marsh, # 145874, | ) |
| | ) |
| Petitioner, | ) C/A No. 6:13-852-CMC-KFM |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| ~~South Carolina~~; | ) |
| Warden Michael McCall, | ) |
| | ) |
| Respondent. | ) |

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Lee Correctional Institution. He is serving a life sentence for a conviction for murder (Indictment No. 88-GS-40-235) entered in the Court of General Sessions for Richland County on March 22, 1988. The Supreme Court of South Carolina affirmed the conviction and sentence on direct appeal on February 9, 1990.

Petitioner filed four applications for post-conviction relief in state court between 1990 and 2007 (Case Nos. 90-CP-40-2568, 92-CV-40-2746, 2001-CP-40-2758, 2007-CP-40-2049), which were all dismissed. When the Supreme Court of South Carolina dismissed the appeal in the fourth post-conviction case, it issued an order prohibiting Petitioner from filing "any further collateral actions challenging this conviction in the circuit court (including PCR or habeas corpus) without first obtaining the permission to do so from this Court." In 2012, Petitioner sought leave from the Supreme Court of South Carolina

1

based on the holding in *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) to file what would be his fifth application for post-conviction relief, which was denied.

On July 30, 1996, Petitioner filed a Section 2254 habeas petition. *Timothy L. Marsh # 145874 v. Charles J. Cepak, Warden, et al.*, C.A. No. 6:96-2150-WBT. In a Report and Recommendation filed January 19, 1997, the Honorable William M. Catoe, (then) United States Magistrate Judge, recommended that the respondents' motion for summary judgment be granted. Petitioner has attached a copy of Magistrate Judge Catoe's Report and Recommendation (ECF No. 1-2, at pages 20–26) as an exhibit. On April 29, 1997, the Honorable William B. Traxler, (then) United States District Judge, granted summary judgment to the respondents. On January 28, 1998, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal of that case. *Marsh v. Cepak*, 134 F.3d 363 [Table], 1998 WL 29280, at *1 (4th Cir. Jan. 28, 1998).

Petitioner's third set of exhibits (ECF No. 1-3) and his cover letter (ECF No. 1-4) indicate that in March 2013 he filed a motion for leave to file a successive Section 2254 petition with the United States Court of Appeals for the Fourth Circuit. Petitioner's motion is pending.

Petitioner filed his current Section 2254 habeas petition on April 3, 2013. Petitioner raises various grounds in the Petition, including lack of a valid arrest warrant and ineffectiveness of post-conviction counsel. Petitioner, in his answer to Question 18, contends that this habeas petition is timely because of the holding in *Martinez v. Ryan* (ECF No. 1, at pages 14–15). Petitioner's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 has been granted by separate order.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010). This Court may take judicial notice of C.A. No. 6:96-2150-WBT. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656,

662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:96-2150-WBT was decided by summary judgment, the instant Petition is successive, notwithstanding the subsequent state court post-conviction proceedings in Case No. 2007-CP-40-2049.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

Petitioner filed the appropriate form for seeking leave to file a successive petition in March 2013. Hence, Petitioner must await a decision from the United States Court of Appeals for the Fourth Circuit with respect to his pending motion for leave to file a successive Section 2254 petition.

### *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return because the Petition is successive. It is also recommended that the District Court deny a Certificate of

Appealability.[*] *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Petitioner's attention is directed to the important notice on the next page.

April 11, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

---

[*]On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).